Mr. Brooks, you may have it. Preliminarily, Your Honor, I may please dishonor both courts. Before the time begins, may we inquire of the court with regard to the matter that the court brought to our attention just this Friday with regard to whether the court has jurisdiction? Oh, absolutely. We think that you'd probably start there. Go ahead. All right. My colleague, Mr. McDonald, would like to address the court with regard to jurisdiction, Your Honor. That's fine with the court. Go ahead. Please. Thank you. Good morning, Your Honor. This may please the court. Randy McDonald on behalf of the State of Trina Cunningham. I've taken a deep dive into Zook and a couple of the court's other precedent. I don't know that the court does have jurisdiction. I think that the trial court did miss a couple of defendants in either declining or failing to address. But at this point, we just don't know whether the trial court intended to dismiss those parties, whether the trial court intended not to dismiss them. And so I think the appropriate remedy is for the court to remand this matter to the trial court, instructing the trial court on the parties and the claims that were missed. And I'm happy to answer any questions that you have. Well, would you state your full name because you're not listed here. Randy McDonald. Randy Evan McDonald. And you're? Okay. I should be listed, actually, but if not. You're not listed as a person who is presenting today. That's all. I'm fine. I know that. I'll just make sure for the record. Am I listed? Yeah. I'm looking at him. Am I wrong? I don't see his name, do you? Excuse me? His name is not on there. He should be at the rebuttal arguer. That's the person arguing on rebuttal, but if not. Can I ask a question? How many defendants are we missing? Yeah. Because I know that there seems to be. I'm going to get this wrong. Two crane related defendants. That's correct. And so those two defendants, the trial court didn't address. I don't want to make ex parte communications about one defendant who didn't answer. Well, I was going to ask you, did both of them appear before the district court? Did they both know this appearance? No, Your Honor. Both did not appear before court. There are explanations, but they weren't on the record in trial court. But there's one defendant who is represented at least before us. Yes. This is crane one. That's correct. Okay. And that defendant did not file a motion to dismiss? They did not. Okay. And that defendant does not appear anywhere in the district court's opinion. That's correct. Okay. You said your name should have been listed as one participating in oral argument? Yes, Your Honor. No, I don't have it listed here in terms of time. You have Mr. Brooks doing the first part and the rebuttal. Are you sharing your time, Mr. Brooks? If we both were, yes, Your Honor. Okay. I just want to make sure for the record because I'll allow you to speak, but I just want to make sure it's not listed here. Now, so for the jurisdiction, so you're saying we don't have jurisdiction? I don't believe that the court has jurisdiction, but to the extent that the court listed it. Okay. I have a question. Let's say you said some of the defendants were not listed. That's correct. Were not mentioned. But do you agree that the court dismissed the case? As I read the case, I believe that the trial court dismissed the case. That's correct. All right. So why do you, I'm not saying you're conflating, but is the district court's error impact our jurisdiction? In other words, you concede that was erroneous. Right. But the question is, is the case over? Our jurisdiction is based on the case being over, not whether it was an error. And it seemed to me you said the case is over, and we know we've got a new case rather than domino sugar. Sure. We determine when we have jurisdiction, and that's when the case is over. And we don't decide that. The district court does. And error, we'll deal with that, whether it's a remand or whatever we do. But why is that jurisdictional? Sure. So as I read, Zook, Your Honor, if the judgment is not final, then this court does not have jurisdiction. And the trial court judgment is not final, and it does not address all the claims. It said the case was dismissed. I understand that. Wait a minute. Were those defendants parties? That's correct, Your Honor. Were they in the case? One of them was, at least. One of them? One of them was. Crane One Service was in the case. The other one was not at all? They were in the case, Your Honor. Well, they're not here then. They weren't in the case in the district court. That's correct. But as I read. Were they served? So Crane One was served overhead. There are issues with the service on that. It was that we're not on the record in the trial court. And I don't know that it would be fair for me to. If they weren't served, then we don't have a problem with them anyway, do we? You see what I'm saying? Because the question is not error. I'm not disputing that it was maybe error if it did not mention them. But the question is, I'm just asking you, isn't jurisdiction based on where the case lies? And the case lies now as the case is dismissed. To me, that seems like the Court of Appeals has jurisdiction. Now, to correct the error, that's what we do sometimes, or to say that it was no error. But to say we don't have jurisdiction because there was an error in how the case was dismissed, I want you to know. Sure. Tell me why is that? As I read Zook, Your Honor, it doesn't matter what the trial court labels it as. What matters is what the trial court did. And what did it do? No, answer the question. What did it do? It dismissed several of the claims without dismissing all of the claims. Oh, it did not dismiss claims. It dismissed the case. I would agree if it dismissed claims. It didn't say that. It dismissed case. We can't change the words of the order, can we? I'm just asking you. You're here. You stood up to the jurisdiction. Sure, Your Honor. I don't believe that you can change the words of the case, Your Honor. The order. The words of the order. The district court in Porter v. Zook dismissed the whole case, too. It said complaint dismissed. That's correct. And we said that's not a final order because you missed some of the claims. That's correct. And I think that's exactly what happened here, is that some of the claims technically still stand, and therefore the order is not a final order. Have any cases since Porter v. I mean, is there? I'm good.  So in the cases that follow Zook, Your Honor, the case that I read, the court didn't go much into details and offered very short opinions about what the court could do at that time. Thank you for anticipating my question, even though I couldn't articulate it. Yes. I was wondering whether cases since Porter v. Zook have kind of shed any additional light on this. Well, the en banc court, did we not? Did we not in Britain talk about when a case is final? Your Honor, I'm unclear on that case. The case that changed domino sugar in terms of when we have jurisdiction, whether or not it's interlocutory, because one question was dismissing without prejudice, those things. I thought we made it clear that unless you gave the cases dismissed, unless you gave the parties a chance to amend their pleadings, no matter what they called it, with or without prejudice, that was an en banc case, wasn't it? Your Honor, I'm unclear on that case. Okay, all right. I apologize.  Thank you. And I would ask Mr. Brooks to be able to argue the substance of the court, would allow him to argue the substance of the matter, please. Oh, sure, sure. But you can see, Mr. Brooks, that we don't have jurisdiction. You don't have jurisdiction. Your Honor, based on, for the record, Your Honor, Roland Brooks on behalf of appellates, based on my reading of Porter v. Zook, Your Honor, I cannot see how the court would have jurisdiction, both under that case, because I don't believe that the order is final, notwithstanding the words that the court used. The language in Zook appeared very clear that, from the perspective of how the court labels their action, unless it actually has finalized all orders, then the appellate court doesn't have jurisdiction yet. Further, my reading of Federal Rules of Civil Procedure 54A elucidates what I believe to be a standard that as long as there are any rights or liabilities that the court can still exercise jurisdiction over, then that lower court still has jurisdiction. So that's just my reading of the case law that the court presented to us very recently. And so I would concede at this point that this court does not yet have jurisdiction, and I'd ask that the court would remand this matter such that the lower court would be instructed to finalize their decision with regard to all parties, all complaints, and then we would be allowed to return before this court. So you want us to mandamus the district court? Is that what you're asking? You said tell them there's something to do. You want to mandamus them? I'm asking what is your case? I understand, Your Honor. I'm asking that the court remand with instruction, so I guess I am asking that, Your Honor. Yes, sir. Your Honor. Okay. I think it would be helpful, unless my colleagues otherwise would, we hear both jurisdictions up front. Do you have any objections? No objections. Yeah, would you, the other side, want to address that? I'm asking for permission to step back. Yes, yes, right. Thank you. Yes, yes. I'm happy to speak first, Your Honor. The city defendant's position on this is quite straightforward in that this is a final judgment because the court dismissed the amended complaint, which was a complete adjudication of all claims for the matter. So it's therefore a final judgment. Now, whether the court has to correct some error is a different question. That's not jurisdiction. Your Honor, please. How do you reconcile that with Porter v. Zook? Well, I think the question in Porter v. Zook was, again, whether there was a complete adjudication of the case. And I think that in that particular case, there was a remaining claim that was not subsequently discussed. So I would defer as to substance to my colleagues and the private defendants. But as for the general principle for final judgments is, has the case been fully resolved? And with the dismissal of the amended complaint, there is no case left. Therefore, this court does have jurisdiction. All right. But counsel, doesn't Porter say specifically that when a district court mislabels a non-final judgment as final, that doesn't make it so? We have to determine whether the judgment is final ourselves. And in this case, the district court specifically listed Freeland-Hoyst, listed Gannett and Fleming, Ohio Gratings, Poole and Kent, and was silent as to Crane 1. So how is this judgment final as to Crane 1 when you keep in mind that Porter v. Zook says you can't just say it's final and that makes it final. It has to be final based on its substantive content. Well, again, Your Honor, I think that the – you look to the effect of the district court's order, and the district court's order was that the amended complaint was dismissed in full. Whether that dismissal was erroneous is a different question. It's not jurisdictional. In reference to Porter v. Zook, if there's some substantive reason that the dismissal should not be found to be final, I think that's a slightly different question. But I do believe that this is a final judgment because the entire amended complaint was dismissed. Good morning, Your Honors. May it please the court. I'm Victoria Shearer, and I'm arguing on behalf of my client, Freeland, Boyston Crane, and also on behalf of Crane 1 and Ohio Gratings. And I did want to address the jurisdictional issue, if that's okay. Yeah, that's what you're for right now. Right. Okay. So we assert that the court has jurisdiction because we think that this is more like a case of Hickson v. Moran. It's 1F4297301. It's a 2021 case. And I read Zook, and I understand what you, Judge Harris, are saying and what you, Judge Keenan, are saying, but I think that this case much more is similar to the Hickson v. Moran case because if you're going to apply the construction of Section 1291, that is substance over form, you know, it says practical rather than technical construction. And so if you do that, and you look at what happened here, you can see that the district court actually did address the claims of Crane 1 services against Crane 1 services. And that's because my client, Freeland, had all of the same exact factual allegations made against it as plaintiffs made against Crane 1 services. And those claims were fully addressed by the district court. Yes, the district court's opinion fails to mention Crane 1, which I assume is probably because Crane 1 services did not file a motion to dismiss, but instead filed an answer. But nevertheless, under Hickson, this court can address the case and find jurisdiction because the components of all claims were addressed by the district court. And so Hickson involved an inmate who alleged inadequate treatment for his diabetes while he was in prison. And the district court construed that as one claim, sort of, and in its opinion talked about the fact that the doctor had a good reason for not prescribing him insulin. But the alleged second claim was one of deliberate indifference based on the fact that the medications other than insulin were allegedly not addressed. But this court noted that those claims were actually addressed because the court discussed that he did assert other medications were at issue other than insulin, and the court quoted from the doctor's testimony and other things that showed that the court was fully aware that there was a second allegation based on other medications. And so this court held that there was jurisdiction under the exception, I would say, if you call it an exception, where there was a recognition of the claims and the components of the claims were fully addressed by the district court. And I think that's pretty, pretty similar to what we have here. The only factual allegation against Crane 1 that was different than the factual allegations made against my client was my client was said to have contracted with the city in 2018 and 20, yeah, prior to 2018, meaning no later than 2017. And with respect to Crane 1, the complaint alleged that they had contracted with the city in 2018 and 2019, and as you know, the incident occurred in June of 2020 or 21, I forget, I'm sorry. But it was no relation, no connection, no factual allegations that would connect either of those dates to the incident at issue. And then there's lots of other reasons that goes to the merits, though. So here we have a district court opinion that technically failed to address the claims against Crane 1, but for all intents and purposes, fully addressed them. And so why should we go back and have the district court readdress it all just to fix this technical problem? And then I'll come back here and argue about the merits again. It wouldn't seem to make much sense, and it wouldn't be an efficient administration of court procedures or justice. So that was all I had to say. If you don't have any questions. It does seem a little bit different in that there's sort of an entire defendant who didn't, it just seems so clear what happened here, right? Four defendants file motions to dismiss. The district court rules on those motions to dismiss, and then there's just kind of like a gap somehow between that and then the dismissal of the action because there's this fifth defendant who never even moved to dismiss, and there's an entire party with claims against it sitting on the district court docket, and nobody has addressed that. That seems kind of like a real loose end, and jurisdiction is kind of notoriously formalistic, and so I do worry about that. Right, and to Judge Gregory's point, the entire case was dismissed. That was the last. I know, but that's Porter v. Sook again, or I think maybe that one was even judgment was granted, and I'm like, well, you said judgment was granted, but judgment granted, case over, but you missed something. And that was just more like in this Hickson case, like, well, there's like a variant of the claim that you didn't address. This is an entire defendant. I cannot get around the fact that she did not mention Crane 1 in her opinion. I can't avoid it, but I think it's not significant in this case, like as I've just explained, so I don't want to repeat myself. Okay. Counsel, you have nothing to add? Nothing to add. Okay. All right. Thank you. All right. Just very briefly, Your Honors, in that Hickson matter, it does appear that what the court states is that the district court at least acknowledged the scope of those other claims, even quoting from the allegations in the complaint with regards to Dr. Warren in both, and such. The court had addressed everything, even though they did not specifically write out the words, versus in this case where the court has not addressed an entire defendant, none of the claims against it. And so when we talk about an efficient use of the court's resources, for us to argue the matter now and then for either side to later argue that where we argued before the court today, the court never had jurisdiction. So let's pretend that it never happened, reverse whatever happens and then come back before the court once properly before the court, I don't believe is the most efficient use of the court's time and or resources, especially in light of Zook, which as I read it has not been reversed or given negative treatment. So for those reasons, Your Honor, we would concede that the court does not have jurisdiction and ask that the matter be remanded such that the court can make final that which it indicated was final, that we could be back before Your Honors properly. Thank you so much. Yes. Counselor, appreciate your arguing as to the jurisdictional matter. We're going to take a brief recess. Please stay in place and we'll be right back. Son of a court. We'll take a brief recess. Lack of jurisdiction, this appeal is dismissed for lack of jurisdiction and an order will follow shortly. Thank you, counsel. And we'll come down and greet you.
judges: Roger L. Gregory, Pamela A. Harris, Barbara Milano Keenan